IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARVIN PAGE, #308, | ) ) ) |
| Plaintiff, | ) No. 3:22-cv-00650 ) |
| v. | ) JUDGE RICHARDSON ) MAGISTRATE JUDGE FRENSLEY |
| R.C.A.D.C., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Marvin Page, a pretrial detainee in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "R.C.A.D.C.", alleging a violation of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PLRA SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

1

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42, United States Code, Section 1983 creates a cause of action against any "person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

On July 13, 2022, while Plaintiff was in the custody of the Rutherford County Adult Detention Center, Plaintiff bit a rock while eating the lunch provided to him. As a result, two of Plaintiff's teeth were damaged and he became afraid to eat the jail food. Plaintiff filed a grievance about the incident and was told "they would look into it and that this isn't a reason not to eat the food . . . ." (Doc. No. 1 at 3-4).

Plaintiff asks for his damaged teeth to be replaced and for damages for the pain and suffering he has experienced. (*Id.* at 6).

## IV. ANALYSIS

Plaintiff names a sole Defendant to this action: the "R.C.A.D.C", the Rutherford County Adult Detention Center. However, the Rutherford County Adult Detention Center is a building, not a "person" who can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against the Rutherford County Adult Detention Center, the only Defendant named in this case.

Because Plaintiff is proceeding pro se, the Court considers whether Plaintiff should be permitted to amend his complaint to name a proper defendant, *i.e.*, a suable "person" allegedly responsible for his injuries. However, even if Plaintiff had sued a different, proper defendant under Section 1983, the complaint would still fail as a matter of law.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide human conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees such as Plaintiff. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). An Eighth Amendment claim is composed of two parts: an objective prong, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective prong, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. 825, 834, 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene*, 22 F.4th 593 at 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). But in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the standard for excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment differs from the standard for excessive force claims brought by convicted prisoners under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Id*. at 391-92. The Court held that, to prove the second prong of an excessive force claim, a pretrial detainee must show that "the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id*. at 391-92 (italics in original).

*Kingsley* left open the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592. Finding that it was "no longer tenable" after *Kingsley* to apply the same analysis to the "constitutionally different groups" of convicted prisoners and pretrial detainees, the Sixth Circuit in "*Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness[.]" *Id*. at 592, 596. Thus, to prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*,14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

Notably, *Brawner*'s modification of the deliberate indifference standard in medical-needs cases "left the [objective] prong untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Thus, in deciding whether Plaintiff here should be permitted to amend his complaint to name the individual(s) responsible for his injuries, the Court first considers how Plaintiff fares under the objective prong—that is, whether Plaintiff can show that he experienced a sufficiently serious deprivation.

"'[E]xtreme deprivations are required to make out a conditions-of-confinement claim.'" *Chapple v. Franklin Cnty.*, No. 2:21-cv-5086, 2022 WL 856815, at *5 (S.D. Ohio Mar. 23, 2022) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Conditions of confinement claims "are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). The Sixth Circuit has held that allegations of "*occasional* foreign objects in food do not state an [E]ighth [A]mendment violation of the right to remain free from cruel and unusual punishment." *Cross v. McMackin*, No. 87-3053, 1987 WL 44544, at *1 (6th Cir. Aug. 24, 1987), *cert. denied* 475 U.S. 1096 (1986) (citations omitted) (emphasis added). Relying on the *Cross* holding, district courts in the Sixth Circuit have held that "[a]n occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion. It simply raises a problem of internal prison administration to be dealt with by prison authorities as best they can." *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980). For example, in *Price v. Milmar Food Group, LLC*, the court addressed a claim similar to Plaintiff's claim that a prisoner "bit into a rock that was apparently in the franks and beans, chipping his tooth." 2018 WL 4346688, at *1 (E.D. Mich. July 16, 2018). Finding that the *Price* plaintiff failed to state an Eighth Amendment claim, the court reasoned, "A one-time incident of a foreign object somehow finding its way into a prisoner's

food, even it injures the prisoner's tooth, does not make out an Eighth Amendment violation." *Id*. at *3. *See id*., *adopted*, No. 17-CV-13011, 2018 WL 4333976 (E.D. Mich. Sept. 11, 2018), *adhered to on reconsideration*, No. 17-CV-13011, 2019 WL 1147086 (E.D. Mich. Mar. 13, 2019), *appeal dismissed*, No. 19-1083, 2020 WL 401823 (6th Cir. Jan. 6, 2020).

Thus, to allege a sufficiently serious deprivation under Section 1983 in this context, a plaintiff must do more than allege an isolated incident of food contamination. *See, e.g.*, *Herbig v. Louisville Metro Dep't of Corr.*, No. 3:19-CV-P395-RGJ, 2019 WL 4478862, at *2-3 (W.D. Ky. Sept. 18, 2019) (a single incident of maggots in a prisoner's food does not rise to the level of an Eighth Amendment violation); *Harrell v. Blue*, No. 4:09CV-P104-M, 2010 WL 693497, at *3 (W.D. Ky. Feb. 16, 2010) (two incidents of spit on a prisoner's food tray did not rise to the level of an Eighth Amendment violation). In other words, the Sixth Circuit requires a showing of some sort of irregularity, harm, or circumstance that "*consistently create[s]* conditions that fall below the 'minimal civilized measure of life's necessities as measured by a contemporary standard of decency.'" *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (citation omitted) (emphasis added).

Here, Plaintiff alleges a single incident of a foreign object in his food that resulted in injury. Based on the above precedent and persuasive authority applying that precedent, Plaintiff's allegation is insufficient to state a Fourteenth Amendment conditions-of-confinement claim under Section 1983; Plaintiff would be unable in an amended complaint to plausibly allege a sufficiently serious deprivation. *See McRae v. Louisville-Jefferson County Metro Gov't*, No. 3:19-CV-00313-GNS-CHL, 2022 WL 81230, at *4-5 (W.D. Ky. Mar. 16, 2022) (finding that two prisoner-plaintiffs who alleged each a single incident of a foreign object in their food and injury resulting from the incidents failed to state Eighth Amendment claims under Section 1983 because "Plaintiffs have

6

not alleged sufficient facts to show a 'specific deprivation of a single human need'" and "any facts indicating incarceration that 'consistently create[s] conditions that fall below the 'minimal civilized measure of life's necessities as measured by a contemporary standard of decency.'") (quoting *Balcar*, 2017 WL 3613479, at *2 and *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) respectively). Since Plaintiff is unable to establish the first prong of his Fourteenth Amendment claim under Section 1983, the Court need not consider whether Plaintiff can establish the second prong—that a defendant acted with a sufficiently culpable state of mind as that requirement is understood after *Kingsley* and *Brawner*. Thus, Plaintiff should not be permitted to amend his complaint to name the individual(s) responsible for his injuries.

## V. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state any Section 1983 claims upon which relief can be granted. Therefore, this action will be dismissed.

This dismissal does not address any state-law negligence claims Plaintiff may have against any individual or entity, and the Court makes no representations herein as to the viability of such claims or to the timeliness of those claims.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE